**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
MARIA A. MENCOS, ESQ. (#17098)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
maria@lagomarsinolaw.com
*Attorneys for Plaintiff John Doe*

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway, Suite 241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN DOE, a minor, by and through his natural parent, YAZMINA RUIZ;

Plaintiff,

vs.

CLARK COUNTY SCHOOL DISTRICT, a political subdivision; ALICIA FLETCHER, individually; HEIDI HUNTER, individually; and DEONTE HARRIS, individually;

Defendants.

CASE NO.: 2:26-cv-00003-BNW

~~[PROPOSED]~~
**ORDER GRANTING PETITION FOR COMPROMISE OF MINOR'S CLAIM**

THIS MATTER came before the Court upon the verified Petition of Plaintiff JOHN DOE, a minor, by and through his natural parent, YAZMINA RUIZ, by and through his attorneys of record, pursuant to their *Petition for Compromise of Minor's Claim,* and the Court having fully considered the matter and being fully familiar with the pleadings and papers on file herein, the Court finds as follows:

1. That YAZMINA RUIZ is [redacted] legal guardian and is legally permitted to bring this Petition on behalf of [redacted] a minor, pursuant to NRS § 12.080.

2. That the court has an inherent duty to protect the interests of minors and incompetents who appear before it. *See Keith v. Jackson,* 855 F. Supp 765, 775 (E.D. Pa. 1994) (citing *Dacanay v. Mendoza,* 573 F.2d 1075, 1079 (9th Cir. 1978)). As part of that duty, the Court must determine the fairness of any settlement agreement and the reasonableness of any attorney's fees and costs to be paid from the settlement amount in a suit brought on behalf of a minor or incompetent.

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway, Suite 241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065

3. That federal courts have held that it is appropriate to apply the rules prescribed by state law in determining the fairness of a minor's compromise and the reasonableness of any attorney's fees and costs allocated from that settlement in both federal question and diversity cases.[1] For example, *see Erie RR. v. Tompkins,* 304 U.S. 64 (1938), and *Stecyk v. Bell Helicopter Textron, Inc.,* 53 F Supp.2d 794, 801 (E.D. Pa.1999).

4. In approving the settlement, the court must also assess the reasonableness of the requested counsel fees. In so doing, the court must "strike a balance between being a 'passive proforma rubber stamp'…and being too intrusive in its consideration of the fairness of counsel fees."[2]

**THEREFORE,**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Court grants the Petitioner the authority to compromise the claims of the minor, [redacted] and accept the proposed Settlement in accordance with NRS § 41.200, create a special needs trust and a blocked trust account.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Court grants the Petitioner the authority to open a special needs trust account, for the benefit of the minor child JOHN DOE, established in JOHN DOE's full legal name.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Tyrell Law, PLLC is approved as the Trust Consultant and that she shall not be required to post bond or surety in this or any other jurisdiction.

. . .

. . .

. . .

---

[1] Local district courts are authorized to adopt rules of procedure. *See* 28 U.S.C. § 2071. The local rules, however must be consistent with the national rules. *See* Fed. R. Civ. P. 83(a) ("A local rule shall be consistent with--but not duplicative of --Acts of Congress and [the national] rules…."). Once adopted, the local rule has the force of law. *See Tarkett, Inc. v. Congoleum Corp.,* 144 F.R.D. 282,284 (E.D. Pa. 1992) (citing *Baylson* v. *Disciplinary Bd. of the Supreme Court or Pa.,* 764 F. Supp. 328,348 (E.D. Pa. 1991), aff'd, 975 F.2d 102 (3d Cir. 1992)).

[2] *Stecyk,* 53 F. Supp.2d at 800 (quoting *Gilmore v. Dondero.* 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990)).

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway, Suite 241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court finds that the total settlement amount of ONE MILLION DOLLARS AND NO CENTS ($1,000,000.00) is hereby approved and the amount should be disbursed as follows:

a) $400,000.00 for attorneys' fees based on a forty percent (40%) contingency fee basis;

b) $60,109.07 for case costs;

c) $99,890.93 placed in the special needs trust account for the minor to be withdrawn at the direction of the Trustee; and

d) $440,000.00 to be paid by CCSD to fund future periodic payments as further outlined in the Settlement Agreement and Release of All Claims **(Ex. 4 at 5(A)(v)).**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all settlement monies shall be paid, as set forth above, within thirty (30) days of the entry of this Order.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that YAZMINA RUIZ, legal guardian of said minor, or her agents, shall establish a special needs trust account, at Bank of America, located at 2638 W. Horizon Ridge Pkwy., Henderson, NV 89052, with the identifying information contained in the *Petition for Compromise of Minor's Claim*.

Authorization to establish a special needs trust account for the benefit of the herein named minor is hereby given to YAZMINA RUIZ, as legal guardian of said minor, [redacted], [redacted], and Maria A. Mencos, Esq., or her representative.

Funds deposited in the blocked trust account shall not be liquidated or diminished prior to the minor reaching the age of eighteen (18) years without Court Order upon a showing that the withdrawal is in the best interest of the minor child. A final accounting will be required upon the eighteenth (18th) birthday of the child.

That Petitioner and Maria A. Mencos, Esq. shall cause, within sixty (60) days of the date of this Order, proof to be filed with this Court that the special needs trust account has been established.

. . .

. . .

. . .

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the petitioner shall be ordered by this Court to file periodic verified annual reports, should the court deem it appropriate, in order to detail the activities of the blocked trust account during the previous twelve (12) months, pursuant to NRS 41.200(5).

**IT IS SO ORDERED.**

__ UNITED STATES MAGISTRATE JUDGE

DATED: September 14, 2026

Respectfully Submitted By:

**LAGOMARSINO LAW**

ANDRE M. LAGOMARSINO, ESQ. (#6711)
MARIA A. MENCOS, ESQ. (#17098)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
*Attorneys for Plaintiff John Doe*

**LAGOMARSINO LAW**
3005 West Horizon Ridge Parkway, Suite 241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065